# Richmond.

## City of Richmond v. Wood.

### January 14, 1909.

1. Evidence—*Opinions.*—A witness may state whether or not at a given time he saw anything indicating that a sewer was too small to carry off the water. This is not the expression of an opinion demanding expert knowledge.

2. Pleading—*Sufficiency of Declaration—Allegation and Proof.*—A declaration which alleges that water and sewerage from a defective city sewer entered into and upon certain property, to-wit, a lot of land with a dwelling thereon owned by the plaintiff, and which concludes with an allegation: "the said plaintiff was otherwise greatly injured and damnified," is broad enough to cover the damage done to all the buildings on the lot.

3. Pleading—*Declaration—Bill of Particulars—Code, Section 3249.*—The object of section 3249 of the Code is to simplify and shorten pleadings, by providing that, if the declaration or other pleading do not present distinctly the grounds or subject of action, the plaintiff, if required to do so, should file such a statement of particulars as will put the defendant in possession of the character thereof.

4. Pleading—*Damages—General Damages—Allegation in Declaration—Bill of Particulars.*—Damages which are the necessary and probable result of an act of omission are termed general, and are legally imported and may be recovered, although not specifically claimed in the declaration. If particulars are desired, they may be demanded under section 3249 of the Code.

5. Evidence—*Experts—Knowledge of Facts—Hypothetical Questions.*—Before the opinion of an expert, based on facts to which he has not himself testified, can be admitted, he must fully understand the facts already proved, and his testimony must come in response to a hypothetical question embodying the evidence.

6. Municipal Corporations — *Overflowing Sewers—Evidence—Other Overflows—Complaints.*—In an action to recover damages resulting from the overflow of a city sewer on a given date, other over-

flows in the city on that date may be shown in order to prove that the rain storm on that day was extraordinary, but it is not permissible to show whether there were many *complaints* of overflows. Facts, not complaints, are admissible. Those who complained should be brought to prove the facts upon which the complaints rested.

7. INSTRUCTIONS—*Applicability to a Single Count.*—If an instruction properly states the law applicable to the facts which the plaintiff has pleaded and undertaken to prove, it need not tell the jury to which count of the declaration it is applicable, in the absence of a request to that effect, or·some circumstances rendering it necessary.

8. INSTRUCTIONS—*Jury Fully Instructed—Defective Instruction.*—Instructions are to be read as a whole, and if, when so read, it is seen that the law applicable to the case was fully propounded and without prejudice to the defendant, a verdict in favor of the plaintiff will not be set aside because some of the instructions did not fully propound the law.

9. MUNICIPAL CORPORATION—*Obstructed Sewer—Extraordinary Storm.*— If by the want of ordinary care a city sewer becomes choked, and a plaintiff is damaged as a result thereof, the city is liable for such damages; so, likewise, if a culvert becomes choked because of the want of ordinary care on the part of the city, and the condition of the culvert is the real and proximate cause of the injury to the plaintiff's property, the fact that there was an extraordinary flood at the time will not relieve the city from liability.

10. MUNICPAL CORPORATIONS—*Inadequate Sewer—Extraordinary Flood.* —An extraordinary flood which will excuse a city for an overflow of its sewers must ·be such as could not reasonably have been expected in that locality.

11. INSTRUCTIONS—*Invited Error.*—A party cannot object to an addition to an instruction in the same language as another instruction offered by him. He cannot invite an error and then be heard to complain of it.

12. APPEAL AND ERROR—*Objection to Competency of Evidence.*—A party cannot object to the competency of evidence for the first time in the appellate court.

13. VERDICTS—*Proper Instructions—Sufficiency of Evidence.*—The verdict of a jury will not be set aside as contrary to the law and the evidence where it appears that the case was fairly submitted to the jury under proper instructions, and there was ample evidence to support the verdict.

Error to a judgment of the Law and Equity Court of the city of Richmond in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Henry R. Pollard* and *George Wayne Anderson,* for the plaintiff in error.

*John A. Lamb* and *Edmund C. Harrison,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by the defendant in error to recover from the city of Richmond damages for injuries to his property, caused by an alleged overflow of one of the sewers of the city.

The declaration contained two counts, the first charging the city with negligence in allowing the sewer to become and remain obstructed, choked and out of repair; and the second averring that the city was negligent in maintaining a sewer which it knew was too small.

There was a verdict and judgment thereon for $300 in favor of the plaintiff, which this writ of error brings before us for review.

The first bill of exceptions taken by the city is to the action of the court in allowing the plaintiff, G. B. Wood, to state whether or not he had seen anything wherefrom he could say that the sewer on Fourth street was too small to carry off the flow of water there. This evidence was objected to upon the ground that the witness was not an expert and therefore not competent to express an opinion upon the subject of inquiry.

This assignment of error is not tenable. The question did not call for an expression of opinion, and the testimony only

related to a physical fact, namely, what the witness saw on the afternoon of the overflow, indicating that the sewer was too small to carry off the water.

The second bill of exception also relates to the testimony of the plaintiff, Wood; such evidence being objected to upon the ground that the witness was not an expert. Here again the witness was testifying to facts, and not giving expert testimony.

The third bill of exception is to the action of the court in permitting the witness, W. L. Smith, to testify as to the damage done to two out-buildings on the lot in question; it being contended that the declaration does not allege damage to out-buildings.

The declaration alleges that the sewer was so choked and obstructed that it would not carry off the water, and then says: "By reason whereof the said plaintiff says, that said water and sewerage so gathered and kept back as aforesaid entered into and upon certain property, to-wit, a lot of land with a dwelling thereon owned by the plaintiff," etc. The declaration concludes with the allegation, "the said plaintiff was otherwise greatly injured and damnified," etc.

We are of opinion that the declaration was broad enough to cover the damage done to all of the buildings on the lot. It says the damage was done by the water entering upon the lot, and does not specify what particular buildings suffered therefrom.

In the case of *Wrought Iron, &c. Co.* v. *Graham* (C. C. A.), 80 Fed. 474, the plaintiff alleged a negligent burning of his dwelling and an out-house. He was allowed to prove and recover for the destruction of shade trees not mentioned in the declaration.

If, however, the defendant was not sufficiently advised of the particulars of the damage sustained by the plaintiff by reason of the alleged overflow of his premises, and desired further information as to such particulars, he could readily

have obtained the same under section 3249 of the Code, which provides, that "In any action or motion, the court may order a statement to be filed of the particulars of the claim, or of the ground of defense; and if a party fail to comply with such order, may, when the case is tried or heard, exclude evidence of any matter not described in the notice, declaration, or other pleading of such party, so plainly as to give the adverse party notice of its character."

The object of this section was to simplify and shorten pleading, by providing, that if the declaration or other pleading did not present distinctly the grounds or subject of the action, the plaintiff should, if required to do so, file such a statement of particulars as would put the defendant in possession of the character thereof. *City of Richmond* v. *Leaker,* 99 Va. 1, 37 S. E. 348; *Wood* v. *Am. Nat'l Bk.,* 100 Va. 306, 40 S. E. 931.

In the case last cited it is held that damages which are the necessary and probable result of the act of omission are termed general, and are legally imported and may be recovered, although not specially claimed in the declaration; that if a more specific statement of the elements of damages be desired, it may be demanded under the provisions of section 3249 of the Code.

The fourth bill of exception is to the action of the court in not allowing Jackson Bolton, shown to be a civil engineer of large experience, to answer the following question: After the witness had stated that he was familiar with the carrying capacity of sewers and the general causes of overflows, he was asked: "Applying that familiarity to the conditions out there on the date of this storm, what do you say was the difficulty?"

This witness was not shown to have had any familiarity with the conditions which caused the plaintiff's damage on the date of the storm. Before the opinion of an expert, when it is based on facts which he has not himself testified to, can be admitted, he must fully understand the facts already proved,.

and his testimony must come in response to a hypothetical question, which embodies the evidence.

In *Sebrell* v. *Burrows,* 36 W. Va. 212, 14 S. E. 996, it is held that in order to obtain the opinion of a witness on matters not depending on general knowledge, but on facts not testified to by himself, the witness must either be present and hear all the testimony, or the testimony must be summed up in the question put to him; and in either case the question is put to him hypothetically.

The fifth bill of exception is to the action of the court in refusing to allow Jackson Bolton, the assistant city engineer, to answer the following question: "Did that rain storm, which you say was heavy in that direction, indicate itself by many complaints of overflows of sewers in different sections of the city, indicating that it was very heavy in those different sections?" It is said on behalf of the city, that this evidence tended to prove that the rain storm was extraordinary, and was therefore admissible.

The court expressly allowed this witness to prove other overflows in the city as showing the extent of the storm. The question to which the objection was sustained did not ask whether there were other overflows. It asked whether there were complaints. The objection was properly sustained. Facts, not complaints, were admissible. Those who complained should have been brought to prove the facts upon which such complaints rested.

The sixth assignment of error is to the action of the court in giving instructions Nos. 1, 3 and 6, and in refusing an instruction asked for by the defendant.

Instruction No. 1 is objected to, because the court did not at the same time tell the jury that it was appropriate only to the evidence introduced in support of the allegations of the first count of the declaration.

This contention is without merit. The instruction properly

stated the law applicable to facts which the plaintiff had pleaded and undertaken to prove. The court was not asked to tell the jury under what particular allegations the plaintiff had shown these facts, and under the circumstances here shown it was not required to do so.

Instruction No. 3 is objected to upon the ground, that "it does not fully and correctly propound the law entitling the plaintiff to recover."

Eleven instructions were given by the court, which must be read together. When so read, it is seen that the law applicable to the case was fully propounded, and without prejudice to the defendant. The instruction here objected to told the jury that if by a want of ordinary care the sewer in question became choked, and the plaintiff was damaged as a result thereof, the city was liable for such damages. This instruction further told the jury that if the condition of the culvert was the real and proximate cause of the injury, and that the culvert became choked because of the want of ordinary care on the part of the city, then the alleged extraordinary flood would not relieve the city from liability. These propositions are sound, and were applicable to the issues before the jury.

The objection to instruction No. 6 is also without merit. The only objection urged to this instruction is that the court interlined the words, "and not an ordinary flood such as might reasonably be expected in this locality and climate."

One of the questions at issue was as to the existence of an extraordinary flood at the time of the alleged damage. This instruction told the jury that the city was only bound to maintain its sewers in such manner as to meet ordinary conditions; that it was not bound for damages arising from overflows from its sewers caused by extraordinary falls of rain. It further told the jury that if they believed that at the time the damage alleged was sustained there was a great rainfall, out of the ordinary course of things, producing a great flood of water, *"and not an ordinary flood such as might reasonably be ex-*

*pected in this locality and climate,"* and that by reason of such extraordinary flood, etc., etc., they must find for the defendant.

The words underscored were properly interlined by the court for the purpose of submitting to the jury the question, whether there was an extraordinary flood. If, however, the interlineation by the court of the words objected to had been error, it would not have availed the defendant in this case, for the reason that instruction No. 10, which was asked for by the defendant, propounds, in the same words, the proposition of law announced by the interlineation objected to in the sixth instruction. A party cannot invite error and then be heard to complain. *B. & O. R. Co.* v. *Few's Ex'or,* 94 Va. 82, 26 S. E. 406; *Kimball & Fink* v. *Friend,* 95 Va. 125, 27 S. E. 901.

It is further assigned as error that the court erred in refusing to give the following instruction asked for by the defendant:

"The court instructs the jury, that under the pleadings and proof in this case the plaintiff is not entitled to recover any damages on account of injury to the improvements located on his real estate other than to the dwelling house."

This instruction was properly refused. It raised in another form the question already disposed of adversely to the defendant under the head of bill of exception No. 3. Apart from what is there said, this instruction is objectionable because it limits the recovery to the damage done to the dwelling house, whereas evidence *not objected to* shows that damage other than that to the dwelling and the out-buildings was sustained. To support this instruction the city must now, for the first time, attack the competency of this evidence. This it cannot do. *Norfolk Ry. & Light Co.* v. *Spratley,* 103 Va. 379, 49 S. E. 502.

The last bill of exception is to the action of the court in refusing to set aside the verdict as contrary to the law and the evidence. In this there was no error. The case was fairly

submitted to the jury, and the evidence was ample to sustain their verdict, especially when viewed, as it must be in this court, from the standpoint of a demurrer to the evidence.

The judgment complained of must, therefore, be affirmed.

*Affirmed.*