## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### BETTMAN v. SKINNER.

#### January 18, 1912.

1. MASTER AND SERVANT—*Safe Appliances—Care to Provide—Harmless Error—Case at Bar.*—The master does not owe his servant the absolute duty to provide him with reasonably safe tools and appliances, but only to "use ordinary care" to provide them. The omission of the words quoted, however, does not constitute reversible error under the evidence in the case at bar.

2. INSTRUCTIONS—*Conflict—Different Phases of Case.*—An instruction for the plaintiff cannot be said to conflict with instructions given for the defendant where the latter are merely complementary of the former, and qualify it so as to meet the defendant's view of the evidence.

3. APPEAL AND ERROR—*Objection for First Time—Personal Injury—Allegation of General Damages—Expenses—Loss of Services.*—Where the declaration, in an action to recover damages for a personal injury, claims only general damages, but the defendant, without objection, allows the introduction of evidence touching the loss of wages, and amounts expended for doctor's bills and hospital expenses (even if it be conceded that such damages should have been specially laid in the declaration), he cannot make the objection for the first time in the appellate court. A bill of particulars could have been demanded, if desired; or, if the trial court's attention had been called to the objection, an amendment of the declaration would have been permissible.

4. EVIDENCE—*Order of Introduction—Discretion.*—The order of the introduction of evidence always rests largely in the discretion of the trial court, and rarely affords ground for reversal. In the case at bar the discretion was not improperly exercised.

5. APPEAL AND ERROR—*Verdicts—Evidence to Sustain.*—The verdict of a jury will not be set aside where the case has been fairly submitted to the jury on the instructions and there was evidence amply sufficient to sustain it.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*A. B. Seldner*, for the plaintiff in error.

*J. Edward Cole*, for the defendant in error.

Whittle, J., delivered the opinion of the court.

This action, which resulted in a judgment for $750 in favor of Skinner against Bettman, arose as follows: The defendant, through his manager Williams, kept a bar-room in the city of Norfolk. On the morning of June 27, 1910, the manager, who was late in opening up the saloon, finding himself short of help, gave a hurry order to the porter to hire a man to assist them. Skinner, who had never worked at the place before, was called in, and immediately on his arrival the manager told him to get out of his coat, and, having directed the porter to bring out the step-ladder, hurried Skinner up the ladder, at the same time pointing out to him where he was to begin washing the windows. While Williams was giving these instructions the plaintiff ascended the ladder to within two steps of the top, when the side pieces spread and the ladder collapsed, precipitating him to the pavement.

The ladder had been in use for many years; one of the cross-braces was missing, and it was tied with a piece of rope. The plaintiff testified that it seemed to be all right, and he knew nothing to the contrary until after he had gotten near the top and it began to spread. The fall resulted in a compound fracture of the lower portions of both bones of the left leg. The injury was serious and permanent; suppuration supervened, and a second operation was necessary to remove fragments of bone, and it was with difficulty that amputation of the leg was avoided. The doctor's bill and hospital charges at the time of the trial amounted to $457.

Three errors are assigned: (1) To the action of the court in granting instructions Nos. 1 and 2 for the plaintiff; (2) to the admission of testimony as to the wages the plaintiff was earning when injured, after the evidence had been closed; and (3) to the overruling of the defendant's motion for a new trial.

4

Plaintiff's first instruction told the jury that it was the duty of the defendant to provide the plaintiff with a reasonably safe step-ladder with which to perform the work assigned to him; and that the servant, in the absence of notice to the contrary, had a right to rely upon the performance of that duty by the master.

The only objection raised to this instruction is that it is said to omit the qualification that, if the plaintiff knew, or, in the exercise of ordinary care, ought to have known, of the defective condition of the ladder, he cannot recover.

This restriction would have come with more propriety from the other side, and, in point of fact, is fully covered by the defendant's instruction No. 2.

In the first part of the instruction, in defining the duty of the defendant, the words "*to use ordinary care*" should have preceded the language "to provide the plaintiff with a reasonably safe step-ladder," etc. But the omission was not made the ground of exception, nor does it constitute reversible error under the evidence in this case.

Nor is the instruction in conflict with the defendant's instructions Nos. 1 and 2. The latter are complementary merely of the former, and qualify it so as to meet the defendant's view of the evidence.

The objection to the plaintiff's other instruction, that it allowed the jury to award special damages (that is to say, for loss of wages, doctor's bill, and hospital expenses) in a case where the declaration claimed only general damages for the injury suffered, is without merit. We are not prepared to admit that loss of wages, doctor's bill, and hospital expenses are such damages as need to be specially pleaded to be recoverable in this action. It would seem more reasonable to suppose that all these items of damage would necessarily and ordinarily inhere in case of an injury of the gravity of that suffered by the plaintiff. But be that as it may, the defendant, without objection, allowed the introduction of evidence upon all matters covered by this assignment, and he cannot be allowed to make that objection for the first time in this court. *Bertha Zinc Co.* v. *Martin*, 93 Va. 791, 22 S. E. 869, 70 L. R. A. 999; *Newport News, &c. R. Co.* v. *McCormick*, 106 Va. 517, 56 S. E. 281.

If a bill of particulars was desired, it could have been demanded under Va. Code, 1904, sec. 3249; or if the court's attention had been called to the objection at the proper time, a bar amendment of the declaration would have been permissible. *Wood* v. *Am. Nat. Bk.*, 100 Va. 306, 40 S. E. 931; *City of Richmond* v. *Wood*, 109 Va. 75, 63 S. E. 449.

The second assignment involves the order of the introduction of evidence. That is always a matter largely in the discretion of the trial court, and rarely affords ground for reversal. In this instance the discretion, as exercised, has in no way operated to the prejudice of the defendant. *Norfolk, &c. Co.* v. *Morris*, 101 Va. 422, 44 S. E. 719; *Pocahontas Collieries Co.* v. *Williams*, 105 Va. 711, 54 S. E. 868; *Moore Lumber Corp.* v. *Walker*, 110 Va. 775, 67 S. E. 374.

The third and last assignment of error is to the refusal of the court to set aside the verdict and grant a new trial.

The case was fairly submitted to the jury on instructions, and the evidence, upon the plaintiff's theory of the case, was amply sufficient to sustain their finding. Indeed, the damages awarded, considering the serious character of the injury and the expenses incurred by the plaintiff, were extremely moderate.

Upon the whole case, we are of opinion that the judgment is plainly right and ought to be affirmed.

*Affirmed.*