# CHARLESTON

## DUCKWORTH v. STALNAKER.

### Submitted March 10, 1914.    Decided April 28, 1914.

1. NEW TRIAL—*Grounds—Variance Between Findings and Verdict.*
   Though the aggregate of the special items of damages found by the jury are less or more than the amount of the general verdict, they will not destroy the general verdict or deprive the court of right of jurisdiction to pronounce judgment for the amount which plain-

tiff is entitled to recover, if that amount can be determined from such special findings or the evidence supporting them, and this is so whether or not plaintiff has entered a remittitur.   (p. 250).

2.   TRIAL—*Findings and Verdict—Inconsistencies—Judgment.*

In case of supposed inharmony it is the duty of the court if possible to harmonize such special findings with each other and with the general verdict, and to pronounce judgment on the general verdict, corrected as to amount by the special findings, if this can be safely done.   (p. 251).

3.   APPEAL AND ERROR—*Harmless Error—Judgment and Findings.*

In this case where the aggregate of the special items of damages found by the jury were less by $100.00 than the amount of the general verdict, and $200.00 more than the court was of opinion the correct legal findings of the jury amounted to, defendant was not prejudiced by the judgment against him for the amount found by the court.   (p. 251).

4.   INTOXICATING LIQUORS—*Civil Damage Act—Damages Recoverable.*

In an action by a wife against a saloon keeper for damages for injury to her means of support, the result of the unlawful sales of intoxicants to her husband, she is not limited to the amount of damages sustained between the date of the sales to or physical injuries inflicted on him and the date of her suit, but may show permanent injury to her husband and consequential injury to her means of support beyond the time of such action, and under a declaration charging generally such injury and damages resulting therefrom.   (p. 253).

5.   SAME—*Civil Damages—Excessive Recovery.*

Where the evidence shows not only unlawful sales of intoxicants to plaintiff's husband, but actual physical injury sustained, by thrusting him out of the saloon and the breaking of his leg, and the jury finds $300.00 compensatory and $900.00 punitive or exemplary damages, the latter amount so found cannot be said to be out of proportion to the compensatory damages found, so as to evince bias, partiality or prejudice on the part of the jury, and vitiating their verdict.   (p. 253).

6.   SAME—*Civil Damage Act—Instructions.*

Though the evidence showed that plaintiff's husband before his injuries had provided certain provisions for his family, such as meat, &c., which lasted until after the date of her suit, this did not warrant defendant's instruction rejected, that if the jury believed from the evidence that plaintiff's husband had property and means whereby he was able to furnish her means of support during the continuance of his injuries and did so provide her ''in a manner as good as that in which he had theretofore supported her, that then the plaintiff has no cause of action, for damage to her means of sup-

port'', the evidence also showing that she had been otherwise injured in her means of support. (p. 254).

7. SAME—*Civil Damage Act—Validity.*

   The act known as our civil damage act is constitutional and valid. (p. 255).

Error to Circuit Court, Barbour County.

Action by Martha J. Duckworth against Floyd Stalnaker. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*J. Hop Woods,* and *Leroy V. Holsberry,* for plaintiff in error.

*Wm. T. George* and *J. Blackburn Ware,* for defendant in error.

MILLER, PRESIDENT:

On a former writ of error we reversed the judgment and awarded defendant a new trial. 68 W. Va. 197. The present writ is to the judgment pronounced against defendant on the second trial.

On the last trial the jury returned a general verdict for plaintiff for $1,500.00, and also special verdicts or responses to interrogatories as follows: ''1. Do you find that the defendant, or either of his bartenders sold or gave to G. B. Duckworth, husband of the plaintiff, spirituous or intoxicating liquors, at the time when the defendant, or such bar tender knew or had reason to believe the said G. B. Duckworth was in the habit of drinking to intoxication? Answer. Yes. * * * 3. Do you find from the evidence that the plaintiff suffered any injury to her person in consequence of the defendant, or his bar tenders unlawfully selling, or giving to G. B. Duckworth, spirituous or intoxicating liquors, and if yes, in what amount of actual damages? Answer, Yes, $100.00. 4. Do you find that the plaintiff suffered in her means of support, in consequence of the defendant, or his bartender, unlawfully selling or giving to G. B. Duckworth, spirituous or intoxicating liquor, and if yes, what is the amount of actual damage? Answer, Yes, $200.00. 5. If you find for the plaintiff, what is the total amount of com-

pensatory damages? Answer, Yes, $100.00, $200.00, total, $300.00. 6. If you find exemplary damages, what is the amount of such damages? Answer, Yes, $900.00. 7. Do you allow the plaintiff damages, for mental anguish and suffering, and if yes, in what amount? Answer, Yes, $200.00.''

Defendant's motion to set aside this verdict was overruled; but the judgment thereon now complained of was that as the general verdict was in excess of the aggregate of the special verdicts or findings by the sum of $100.00, the court was of opinion to pronounce judgment for $1,400.00, the aggregate of said special findings, but being also further of the opinion that this aggregate was also $200.00 in excess of the correct legal findings of the jury upon said interrogatories it was considered by the court that plaintiff recover of defendant upon said special findings the sum of $1,200.00, with interest thereon from October 5, 1911, until paid and costs.

The first point of error is that the general verdict is inconsistent with the special findings, and that without a remittitur entered by plaintiff, the court erred in not setting aside the verdict and awarding defendant a new trial. By section 5, chapter 131, serial section 4909, Code 1913, it is true, if the special findings be inconsistent with the general verdict the former will control. To justify the setting aside of the verdict as an entirety and awarding a new trial, however, the inconsistency must be such as to wholly destroy the general verdict, and to deprive the court of right to pronounce any judgment on the verdict. But the fact that the aggregate of the special items of damages found are less than, as in this case, or in excess of, the general verdict, does not constitute such inconsistency as to wholly destroy the latter, or deprive the trial court of right or jurisdiction to pronounce judgment for the correct amount to which plaintiff is entitled if that amount can be determined either from the evidence or from special findings, if supported by the evidence in the case; and this is the law whether a remittitur be entered by plaintiff or not. *Rodgers* v. *Bailey,* 68 W. Va. 186; Clementson on Special Verdicts, pp. 131, 152, and notes; *McIntyre* v. *Smyth,* 108 Va. 736, 750. This rule does not violate another rule that the verdict must be considered as

a whole and not by piece-meal, invoked by defendant's counsel, on the authority of *Gardner's Admr.* v. *Vidal,* 6 Rand. 106, 109; *Bush* v. *Campbell,* 26 Grat. 406; 29 Am. & Eng. Ency. L. 1016.

The next question then is, was the court warranted in reducing the general verdict? It is argued that some at least of the special findings are too indefinite and uncertain, and are not so supported by the evidence as to justify judgment thereon. It is apparent that the general verdict for $1,500.00 could not be allowed to stand, for the special findings, covering all the elements of damages relied on or that could by any rules of pleadings or evidence possibly be recovered, would necessarily reduce the general verdict because they are inconsistent therewith. Another contention is that the special findings are too indefinite to found a judgment on. If there is indefiniteness in these findings defendant is partially responsible for it, because of the form of the interrogatories presented. But are the answers so indefinite as to be uncertain in meaning? According to Clementson on Special Verdicts, 133, it is the duty of the court if possible to harmonize these special findings with each other and with the general verdict. If the general verdict be in favor of plaintiff or defendant, and the special findings are in the aggregate less or more than the general verdict, and correctible by them, there is not such inconsistency as to destroy the general verdict. In such cases judgment may be entered on the special findings. Clementson on Special Verdicts, 153, and note.

Within the rules stated we see no difficulty in harmonizing the special findings with the general verdict. It is said in argument that it is impossible to determine whether the $100.00 damages to the person is a part of the $200.00 damages for mental suffering. We think it clear from the sequences of the findings that the $100.00 for injury to the person was added by the jury to the $200.00, found for injury to plaintiff's means of support, for by the fifth interrogatory the jury plainly added these sums together to make the total, $300.00, compensatory damages found, and if the evidence was such as to sustain these findings, they properly constituted compensatory damages, as distinguished

from the exemplary or punitive damages found in response to interrogatory number six. This answers the query of counsel as to whether the $100.00 damages to the person is a part of the $200.00 found in answer to interrogatory seven, for mental anguish and suffering. Counsel for defendant in propounding these interrogatories evidently were of opinion, and we think correctly so, that injury to the person constitutes a distinct element of damage from that of mental anguish and suffering. They obtained from the jury specific answers to these interrogatories, and we think there is no uncertainty in the verdict of the jury as to whether the one was intended to be included in the other. This is clearly manifest from the verdict, because, as we have said, it clearly appears the jury added the $100.00 for injury to the person to the $200.00 found for damage to plaintiff's means of support. We think, perhaps, as counsel suggest, that the $200.00 for mental anguish and suffering might properly have been added by the jury to the $300.00 found for compensatory damages, but that the jury did not so find, and that the court did not include this sum of damages for mental anguish and suffering, as it probably might have done, is not good cause of complaint in this court by appellant. This was an error not against him but in his favor.

Again the special findings are challenged as for want of evidence to support them. According to our view these special findings are fully supported by the evidence. As to the damages found for injuries to plaintiff's person, the evidence is, that plaintiff was required in the winter time, because of her duty to her husband, to travel back and forth between her home in the country and the place where he was injured, and necessarily detained for treatment for his broken leg, the result of intoxicants sold him by defendant, and that in doing so she was exposed to very inclement weather, had her feet frozen, and otherwise suffered therefrom, and from the inconveniences occasioned thereby, and we think within the rule laid down in the former opinion in this case, and within the meaning of our statute, this was consequential injury to her person, and upon which evidence the jury was warranted in finding damages. It is said by counsel for the plaintiff that this evidence was admissible as showing cir-

cumstances of aggravation. We think the evidence is perti-
nent on the question of injury to the person of the plaintiff.

With respect to the damages found for injury to plaintiff's
means of support, it is contended that she is limited to the
damages sustained between the date of the injury of her hus-
band, November 16, 1907, and the 28th day of February, 1908,
the date of the institution of her suit, and as the highest
amount of her damages proved was $25.00 per month, the
finding of the jury of $200.00, was grossly excessive and
unwarranted. The trial of the action in the last instance
was begun on the 30th day of September, 1911. Plaintiff's
evidence on this trial shows or tends to show that her hus-
band's injuries were permanent and that for about a year
thereafter he had been unable to furnish her means of sup-
port as he otherwise could and would have done.

But it is contended that this evidence of permanent injury
and injury to plaintiff's means of support at the date of the
suit was not admissible under the pleadings, permanent
injury not being alleged. The second count of the declara-
tion alleges that plaintiff's husband was confined to his room
for more than three months, and still was unable to work,
resulting in injury to plaintiff's means of support. This
is not strong as an allegation of permanent injury, but we
do not think it was necessary to allege permanent injury.
It is alleged that plaintiff was injured in her means of sup-
port as a consequence of the unlawful sale of liquors to her
husband, resulting in the breaking of his leg, and as plain-
tiff's injury to her means of support was likely to continue
afterwards as before suit brought, and as she could have but
one recovery of consequential damages, evidence of perma-
nent injury to her husband and to her means of support
after the suit, as well as before, was provable under the decla-
ration alleging generally injury to plaintiff's means of sup-
port and damages. This proposition we think is supported
by *Norfolk Railway & Light Co.* v. *Spratley,* 103 Va. 379,
49 S. E. 502; 1 Sutherland on Damages, (3rd ed.) section
106; 3 Id. section 944; Woollen & Thornton on Intoxicating
Liquors, section 1070.

And lastly it is said in derogation of the special findings,
that the amount found for punitive or exemplary damages is

excessive, and out of proportion to the amount of compensatory damages found by the jury. We did say in *Pennington* v. *Gillaspie,* 66 W. Va. 658-9, that these damages ought to bear some reasonable proportion to the amount found for compensatory damages, else they might evince partiality and prejudice on the part of the jury. But we do not think that $900.00 exemplary damages is disproportioned to the amount of actual or compensatory damages found under the circumstances of this case. These circumstances were most aggravating. The evidence clearly shows that after selling liquor to the plaintiff's husband, when he was evidently intoxicated and grossly intoxicated, he was pushed out of the door on to the street, and his leg broken, an act brutal in its nature, and justifying the punitive damages found. Under the circumstances the punitive damages found were not disproportioned to the compensatory damages found, showing partiality or prejudice on the part of the jury.

The next point of error relied on is that the court erroneously rejected defendant's instruction to the jury number six. The first part of this instruction is clearly covered by defendant's instructions number four and seven, given, which warn the jury against awarding damages to the plaintiff for injury to the person or property of her husband or to any other member of his family, so that there was no error in not repeating this warning in the defendant's sixth instruction. While evidence of injuries to plaintiff's husband, and the amount of money expended by him, was admitted, it was limited by the court to the question of injury resulting therefrom to plaintiff's means of support. But this sixth instruction, after containing this warning, would have told the jury, nevertheless, that if they believed from the evidence that plaintiff's husband had property and means whereby he was able to furnish plaintiff means of support during the continuance of his injuries, and that he did furnish her with means of support, "in a manner as good as that in which he had theretofore supported her, that then the plaintiff has no cause of action, for damage to her means of support." This part of the instruction was evidently predicated on plaintiff's evidence on cross-examination, admitted over her objection, that her husband had provided certain provisions, such

as meat, and so forth, before his injuries, which lasted until in March subsequent to the date of the institution of the suit, and also upon the theory of defendant that plaintiff was limited in her right of recovery to the time between the date of the injury and the date of the suit. This as we have stated was an erroneous theory. Plaintiff was not so limited. Moreover, there was other evidence of injury to plaintiff's means of support, even between the dates named, in not being supplied with clothing, which she otherwise would have been, out of the money which her husband had in bank and money borrowed by him and expended in endeavoring to be cured of his injuries. While the rule requires facts or data on which to predicate a verdict in cases like this, we think there was sufficient evidence on which the jury with reasonable certainty could have predicated their finding, and that the instruction rejected, if given to the jury, would have been misleading and prejudicial to the rights of plaintiff. True it is that if plaintiff's husband had been a man of ample means and competent to provide plaintiff with ample means of support, she would not be permitted to recover damages of a speculative character, but the evidence in this case discloses no such condition of the husband. The evidence is flat that plaintiff was deprived of the means of support she otherwise would have had, and if the injuries to her husband were permanent, as the evidence tends to show, and continued for at least a period of two years, from the date of the suit to the date of the trial, the compensatory damages found were small in comparison with what they might have been perhaps.

Lastly, the constitutionality of our civil damage act is again challenged, on the authority of *Koerner* v. *Oberly,* (Ind.) 26 Am. Rep. 34. This court, however, in *Mayer* v. *Frobe,* 40 W. Va. 246, 252, in uniformity with the rule in most if not all other states, has held the act constitutional. See 2 Woollen & Thornton on Intoxicating Liquors, section 1031.

Other errors unimportant or covered by the points already adjudicated will not be otherwise noticed. We find no errors, and are of opinion to affirm the judgment.

*Affirmed.*